CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RMa
JUL 0 2 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLAUDE LINDEN ROSE,<br>Petitioner, | )<br>)<br>) | Civil Action No. 7:06CV00471 |
| v. | )<br>)<br>)<br>)<br>) | **MEMORANDUM OPINION** |
| JACK LEE, SUPERINTENDENT<br>MIDDLE RIVER REGIONAL JAIL,<br>Respondent. | )<br>)<br>)<br>) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Petitioner, Claude Linden Rose ("Rose"), a Virginia Department of Corrections inmate proceeding pro se, brings this action for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss, pursuant to Rule 5 of the Rules Governing Section 2254 Cases, to which Rose filed a timely response, making the matter ripe for the court's consideration. Upon review of the record, the court finds that the Petition must be dismissed as untimely under the one-year statute of limitations now applicable to § 2254 petitions. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act ("AEDPA").

## I. Procedural History

Rose was indicted by a grand jury for one count of attempting to obtain money by false pretenses in violation of Va. Code Ann. § 18.2-178 (1950). The Circuit Court of the City of Waynesboro conducted a bench trial of the charges against Rose on July 11-12, 2002. At the close of the evidence, the court found Rose guilty as charged in the indictment. On April 23, 2003, the court imposed a sentence of seven (7) years incarceration, all suspended. Final Judgment was

1

entered on May 5, 2003.[1]

A single judge of the Court of Appeals of Virginia denied Rose an appeal by order dated January 14, 2004. Rose then demanded review by a three-judge panel of the same court. The panel also denied Rose's petition for appeal by order dated March 23, 2004. Rose appealed this decision to the Supreme Court of Virginia, which refused his petition to appeal on August 18, 2004. On August 17, 2005, Rose filed a petition for writ of habeas corpus in the Supreme Court of Virginia, which was dismissed <u>sua sponte</u> by that court on September 21, 2005. On June 1, 2006, Rose filed the present § 2254 petition for writ of habeas corpus.[2]

## II. Timeliness

The one-year limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] On July 15, 2003, Rose was found to have violated the terms of his suspended sentence and was ordered to serve six (6) months of the previously suspended seven (7) year sentence. The revocation order was entered on September 12, 2003.

[2] There is some question as to the exact filing date of Rose's Petition. The Petition is undated but Rose signed and dated an attachment to his Petition on June 1, 2006. The Petition was received and stamped by the Clerk on August 7, 2006. Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d), as amended on December 1, 2004, the court recognizes the prison mailbox rule for federal habeas corpus petitions. Accordingly, as there is no evidence in the record to the contrary, I will assume that Rose delivered his Petition for mailing on the date he signed it, June 1, 2006. Further, I consider Rose's Petition as filed, for statute of limitations purposes, on that date.

2

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A-D). Therefore, the limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date.[3] See 28 U.S.C.A. § 2244(d)(1)(B)-(D); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so–90 days–has elapsed. See Harris v. Hutchinson, 209 F.3d 325, 328 n. 1 (4th Cir. 2000). The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. § 2244(d)(2).

Thus, a petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case.[4] Id. Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, Rose appealed his conviction to the Supreme Court of Virginia. The Supreme Court of Virginia issued its last decision on August 18, 2004, when the court refused Rose's petition to appeal. Rose's conviction became final ninety days later on November 17, 2004, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. Accordingly, the

---

[3] Here, Rose has not alleged anything to support the court's reliance on subsections (B), (C), or (D). Therefore, I conclude that the one-year period of limitation began to run on the date Rose's conviction became final.

[4] Equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris, 209 F.3d at 330.

3

one-year period of limitation under § 2244(d)(1) began to run on that date. Rose did not file his state habeas petition until August 17, 2005, approximately nine (9) months later. The one-year period was subsequently tolled until September 21, 2005, when the petition was dismissed by Supreme Court of Virginia. Rose did not file his federal habeas petition until June 1, 2006, approximately eight (8) months after his state habeas petition was dismissed. Accordingly, as the aggregate delay is approximately seventeen (17) months, well over the one-year limitation period for filing a § 2254 petition, Rose's Petition is untimely and will be dismissed.

## IV. Conclusion

In conclusion, I find that the Petition must be dismissed as untimely. Rose failed to file his Petition in a timely manner under any provision of § 2244(d)(1) and also failed to demonstrate any ground upon which he is entitled to equitable tolling. Therefore, I will grant the Motion to Dismiss. An appropriate Order shall be issued this day.

Petitioner is advised that he may appeal this decision, pursuant to Federal Rules of Appellate Procedure 3 and 4, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, I decline to issue any certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b). See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within thirty (30) days of the date of entry of this Order, or within such extended period as the court may

grant pursuant to Federal Rule of Appellate Procedure 4(a)(5).

**ENTER:** This 2nd day of ~~June~~ July, 2007.

*/s/ Jackson L. Kiser*
Senior United States District Judge

5